AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

MAY 1 5 2026

AT_____ O'CLOCK_____

John M. Domurad, Clerk - Syracuse

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

A Grey 2020 Mercedes Benz SUV Bearing New York
State Registration MCH6896, Further Described in
Attachment A

)
)
)
)
)
)
)

Case No.  5:26-SW-128 (MJK)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
A Grey 2020 Mercedes Benz SUV Bearing New York State Registration MCH6896, Further Described in Attachment A

located in the _____ **Northern** _____ District of _____ **New York** _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Possession of a Firearm and/or Ammunition by a Previously Convicted Felon |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

_____
Richard Gardinier, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 05/15/2026 _____

_____
*Judge's signature*

City and state:  Syracuse, New York

Hon. Mitchell J. Katz, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A GREY 2020 MERCEDES BENZ SUV BEARING NEW YORK STATE REGISTRATION MCH6896 | Case No.   5:26-SW-128 (MJK) |

## AFFIDAVIT IN SUPPORT OF AN AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Richard Gardinier, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a grey 2020 Mercedes Benz SUV bearing New York State registration MCH6896, described further in Attachment A (hereinafter, the "**Subject Vehicle**") for evidence, fruits, and instrumentalities of violations of United States Code, Section 922(g)(1) (possession of a firearm and/or ammunition by a convicted felon) ("the Subject Offense") as described further in Attachment B.

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January 2, 2017. I have attended the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia, where in I was enrolled in, and successfully completed, both Criminal Investigator Training Program (CITP) and Special Agent Basic Training (SABT). During the course of my training, I received instruction on physical surveillance, interviewing sources of information and defendants, reviewing telephone and financial records, applying for and serving search warrants, firearms trafficking, etc.

3.      Prior to my time with ATF, I was employed by the United States Secret Service, Uniformed Division (USSS/UD) for four years. I was enrolled in and successfully completed the

1

Uniformed Police Training Program (UPTP) at FLETC, as well as New Officer Training with the USSS/UD, located in Beltsville, Maryland.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts set forth in this affidavit, I believe there is probable cause that evidence of violations of the Subject Offense may be located in the **Subject Vehicle.**

## FACTS SUPPORTING PROBABLE CAUSE

6.      Beginning in March 2026, ATF began investigating CLARK regarding potential firearms trafficking in the City of Syracuse.  Information was gathered through a confidential informant ("CI") that CLARK possessed firearms and ammunition and was willing to sell firearms to individuals.

7.      On April 13, 2026, ATF conducted a controlled purchase of a privately made firearm and ammunition by the CI.[1]

8.      CLARK and the CI finalized the location for the purchase, and the CI was outfitted

---

[1] The CI has been cooperating with law enforcement for approximately two months.  CI has conducted controlled purchases and provided information during this time. CI is cooperating as part of a plea agreement with the Onondaga County District Attorney's Office on a pending felony charge for Robbery. It should be noted, however, that the CI self-reported that he recently purchased pills from an individual. This purchase was neither coordinated nor sanctioned by ATF. In fact, this purchase was in violation of the CI's written agreement to not commit any new criminal offenses while cooperating with ATF.  I believe that the CI has provided truthful accounts of all events during sanctioned ATF operations because the CI's actions were closely monitored and audio and video recorded.  To date, I have not discovered any inaccuracies in the CI's reporting and the events that transpired.

with audio and visual recordings. The CI was searched prior to the controlled purchase, and no contraband was found. The CI was tracked and surveilled to the pre-designated location as directed by CLARK.

9. At the location, the CI was observed entering the Subject Vehicle, which CLARK was sitting in. While inside the Subject Vehicle, CLARK provided the CI with a privately made firearm[2] and eleven rounds of 9mm caliber ammunition. In exchange for the firearm and ammunition, the CI provided CLARK with pre-recorded government funds as payment.

10. The CI was then observed exiting the vehicle and returned to a pre-determined meeting location with federal agents.

11. At this location, agents took custody of the firearm and ammunition. Based on my research, training and experience, the ammunition was not manufactured in the state of New York. Several rounds were manufactured by Remington in either Connecticut or Arkansas. Therefore, having been possessed in the state of New York, it has traveled in and/or affected interstate commerce.

12. CLARK is legally prohibited from possessing a firearm and/or ammunition. On March 17, 2022, CLARK was convicted of one count of Title 18, United States Code, Section 922(g)(1) and ultimately sentenced to 87 months in federal prison.

13. On May 8, 2026, ATF applied for and was granted a federal search warrant for the GPS location of the **Target Phone**. Utilizing this data, coupled with physical surveillance, ATF has observed CLARK driving the Subject Vehicle.

14. On May 14, 2026, this Court signed a criminal complaint charging CLARK with violating 18 U.S.C. § 922(g)(1) for possession of a firearm and/or ammunition by a previously

---

[2] A privately made firearm is a firearm which is sold as a parts kit and assembled by the purchaser.

convicted felon, and this Court issued a warrant for CLARK's arrest.

15.    On May 15, 2026, CLARK, who is on federal supervised release for the conviction referenced above, was arrested at the James M. Hanley Federal Building in Syracuse after he arrived for an appointment with U.S. Probation.

16.    On May 13, 2026, coupled with GPS data, CLARK was observed operating the Subject Vehicle at a grocery store in Syracuse, New York. Again, the GPS data obtained pursuant to the warrant confirmed the **Target Phone** was in the area CLARK was observed. I believe the **Target Phone** contains evidence of CLARK's offense, as he used it to arrange the meeting, and it has been in his possession after that.

17.    Based on my training and experience having conducted and participated in numerous investigations involving firearms, I understand individuals are known to utilize secondary or tertiary location to store or receive firearms. Traffickers in firearms often do this to disguise their activities, obscure their connections and conceal their actions from law enforcement. Additionally, CLARK is subject to the supervision of Federal Probation thus, it is likely he would utilize locations other than his primary residence, which Probation might visit and/or search, to store firearms or evidence about any trafficking of firearms to avoid detection.

18.    Finally, CLARK did not bring a telephone into the federal building today, according to Court Security Officers, and he did not have one on his person when he was arrested. I believe that the Target Phone may be located in the Subject Vehicle, as it is common for people to leave their cell phones in their vehicles when they are driving to and from places and when they leave their vehicles without carrying a phone.[3]

---

[3] The Subject Vehicle has exceeded its maximum time in its parking spot and is expected to be towed shortly (if that has not happened already), and ATF expects to execute this warrant by opening and searching the Subject Vehicle at the location to which it will be or has been towed.

## CONCLUSION

19.    Based on the foregoing, I respectfully submit that there is probable cause to believe that evidence, instrumentalities, fruits, and contraband of CLARK's violation of Title 18, United States Code, Section 922(g)(1) will be found in the **SUBJECT VEHICLE** (described in Attachment A).

Richard Gardinier, ATF Special Agent

Sworn to before me this 15th day of May, 2026.

Hon. Mitchell J. Katz
U.S. Magistrate Judge

5

## ATTACHMENT A

*Property to be Searched*

A grey 2020 Mercedes Benz SUV bearing New York State registration MCH6896, a picture of which is below:



## ATTACHMENT B

*Items to be Seized*

All records relating to violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a previously convicted felon), involving Jovaun CLARK and others from March 2026 to present, including:

a) Any firearms and/or firearms parts and accessories, ammunition or any packaging and receipts for such items;

b) Any tools, machines, drills, lathes, jigs or other devices that can be used to manufacture, fabricate, assemble, or modify firearms and/or firearms parts or controlled substances;

c) Records and other items reflecting purchases, ledgers, or travel in furtherance of the trafficking in firearms and/or firearms parts and ammunition, including credit card receipts, airline tickets, hotel and restaurant receipts, canceled checks, maps, rental vehicle agreements, rental information, and written directions to locations;

d) Money ledgers, firearms distribution or customer lists, supplier lists, correspondences, notations, logs, receipts, journals, books, records and other documents noting the price, quantity, and/or times when firearms, firearms parts, and firearm ammunition were obtained, transferred, sold, distributed, and/or concealed;

e) Communications with potential customers regarding firearms, firearm parts, and ammunition, including advertisements of such items for sale;

f) Communications with sources of firearms, firearm parts, and ammunitions;

g) Indicia of ownership to include mail, court documents, identification cards, bank statements, rental agreements, rental vehicle agreements or the like;

h) Cash, jewelry, or equipment derived from the sale of any controlled substances or firearms,

7

including money counting machines, and records reflecting the possession, receipt, or transfer of funds;

i) Mobile devices, computers, and/or PDAs; and

j) The **Target Phone**